UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK EWALD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>HOSPITALI TY BUILDERS, INC., a South Dakota Corporation,<br><br>Defendant. | No.  7:20-cv-7267 |

**COMPLAINT**

1. Throughout his employment with Defendant, HOSPITALITY BUILDERS, INC., between approximately May 2018 and December 2019, Plaintiff, MARK EWALD, resided in Wallkill, New York in Orange County, New York.

2. Defendant, HOSPITALITY BUILDERS, INC., a South Dakota Corporation (referred to as "Defendant" and "HOSPITALITY BUILDERS"), at all times material to this Complaint has owned and operated a construction business—with its corporate headquarters based at 150 Knollwood Drive, Rapid City, South Dakota 57701-0694—that has specialized in building hotels and motels at multiple locations throughout the United States including in Wallkill, New York in Orange County, New York.

3. Plaintiff brings this action on behalf of himself[1] and other current and former employees of HOSPITALITY BUILDERS similarly situated to Plaintiff who have worked as "Site Superintendents," however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).  It is the intent of this collective action to apply to all similarly situated employees of

---

[1] Attached hereto is a signed Consent to Join of MARK EWALD.

1

Defendant regardless of location. Plaintiff also brings claims on his own behalf for unlawful deductions in violation of New York Labor Law ("NYLL") § 193, breach of contract, and inadequate pay statements in violation of NYLL § 195(3).

4.  Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337. The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.  A substantial part of the events giving rise to this action occurred in Orange County, New York within the jurisdiction of the United States District Court for the Southern District of New York.

6.  At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, HOSPITALITY BUILDERS has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, HOSPITALITY BUILDERS has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked with tools and equipment including but not limited to lulls, hammers, saws, levels, shovels, screw guns, paint brushes, and taping knives, all of which were all goods and/or materials moved in or produced for commerce; (b) handled and worked with building and construction supplies including but not limited plywood, lumber, nails, screws, paint, drywall mud and diesel fuel, all of which were all goods and/or materials moved in or produced for commerce; (c) handled and worked with office equipment such as copiers, scanners, faxes, computers and telephones, and supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (e) processed and participated in electronic bank

transfers and other financial electronic transactions across State lines between South Dakota and other States across the United States.

7. Based upon information and belief, the annual gross sales volume of HOSPITALITY BUILDERS has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

8. At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, HOSPITALITY BUILDERS has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. In numerous work weeks during the three (3) year statute of limitations period between approximately May 2018 and December 2019, Plaintiff worked for HOSPITALITY BUILDERS in the position titled as "Site Superintendent" based at a new hotel construction project for a "Holiday Inn Express" in Wallkill, New York with Plaintiff's primary duties that consisted of the following non-exempt tasks: (a) working with contractors for various trades on the construction site and inspecting ongoing construction for quality control while reporting to Defendant's Project Manager, Joshua Brock, and Vice-President, Donnie Hambek; (b) manual labor including but not limited to, by way of example, framing, mud work, HVAC drops, painting, other construction, unloading all material for the construction from all delivery trucks and into storage containers, moving materials into the building or exterior, and cleaning up the work site; and (c) filling out HOSPITALITY BUILDER's "Daily Job Diary" forms and submitting reports to Joshua Brock.

10. The additional persons who may become Plaintiffs in this action are

HOSPITALITY BUILDERS' current and former non-exempt "Site Superintendents," however variously titled, who have worked for Defendant in one or more weeks during the three (3) year statute of limitations period between approximately September 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for HOSPITALITY BUILDERS.

11. During the three (3) year statute of limitations period between approximately May 2018 and December 2019, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendant while performing non-exempt work in the position known as "Site Superintendent."

12. Likewise, the other employees of HOSPITALITY BUILDERS who are similarly situated to Plaintiff have regularly worked as non-exempt "Site Superintendents," however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendant within the three (3) year statute of limitations period between approximately September 2017 and the present.

13. However, HOSPITALITY BUILDERS has failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated non-exempt "Site Superintendents," however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period, with Defendant instead paying salaried wages for Forty (40) hours per week without time and one-half compensation for the overtime hours worked between approximately September 2017 and the present by Plaintiff and the other similarly situated employees.

14. During the three (3) year statute of limitations period between approximately September 2017 and the present, HOSPITALITY BUILDERS has misclassified Plaintiff and the other "Site Superintendents" similarly situated to him as "exempt" from the overtime

4

compensation requirements of the FLSA despite their primary job duties being non-exempt in nature.

15. The primary job duties performed by Plaintiff and the other similarly situated "Site Superintendents," however variously titled, for HOSPITALITY BUILDERS during the three (3) year statute of limitations period between approximately September 2017 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendant's general business operations.

16. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated "Site Superintendents," however variously titled, for HOSPITALITY BUILDERS during the three (3) year statute of limitations period between approximately September 2017 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendant's administration or production operations.

17. Instead, Plaintiff and the other similarly situated "Site Superintendents," however variously titled, have devoted the majority of their working time for Defendant within the three (3) year statute of limitations period between approximately September 2017 and the present to performing manual labor and other ministerial and clerical tasks for HOSPITALITY BUILDERS.

18. Finally, the primary duties of Plaintiff and the other similarly situated "Site Superintendents," however variously titled, for Defendant during the three (3) year statute of limitations period between approximately September 2017 and the present *was not* management of any department(s) or job sites of HOSPITALITY BUILDERS, and Plaintiff and the other "Site

5

Superintendents," however variously titled, had no authority for and did not regularly interview, hire, discipline, or fire employees of HOSPITALITY BUILDERS.

19. During the three (3) year statute of limitations period between approximately May 2018 and December 2019, Plaintiff regularly worked six (6) to seven (7) days per week for HOSPITALITY BUILDERS while in the position of "Site Superintendent," with start times between approximately 6:00 a.m. and stop times that ranged anywhere between approximately 4:00 p.m. and as late as approximately 8:00 p.m., averaging approximately Sixty-Six (66) hours per week.

20. However, HOSPITALITY BUILDERS has failed to pay time and one-half wages for all of the hours that Plaintiff and other "Site Superintendents," however variously titled, have worked in excess of Forty (40) hours per week for Defendant in numerous work weeks during the three (3) year statute of limitations period between approximately May 2018 and December 2019 as required by the Fair Labor Standards Act, with HOSPITALITY BUILDERS instead misclassifying Plaintiff and other "Site Superintendents" as exempt from the FLSA's overtime compensation requirements and paying only salaried wages for Forty (40) hours of work per week.

21. Subject to discovery, based upon HOSPITALITY BUILDERS paying Plaintiff average gross weekly wages of approximately $1,346.16 per week for Forty (40) hours of work per week between approximately May 2018 and December 2019 and Plaintiff being owed an average of approximately Twenty-Six (26) overtime hours per week from Defendant during a total of approximately Seventy-Eight (78) work weeks within this period, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $50.48/hour [$1,346.16/40 hours = $33.65/hour x 1.5 = $50.48/hour], Plaintiff's unpaid overtime wages total $102,375.09 [$50.48/hour x 26 OT hours/week x 78 weeks = $102,375.09], whereas if Defendant were to be

6

able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rate of $10.20/hour [$1,346.16/66 hours = $20.40/2 = $10.20/hour], Plaintiff's unpaid overtime wages total $20,681.84 [$10.20/hour x 26 OT hours/week x 78 weeks = $20,681.84].

22. Based upon information and belief, HOSPITALITY BUILDERS has failed to maintain accurate records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated "Site Superintendents," however variously titled, during each week within the three (3) year statute of limitations period between approximately September 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

23. Nonetheless, HOSPITALITY BUILDERS has had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated "Site Superintendents," however variously titled, during each week within the three (3) year statute of limitations period between approximately September 2017 and the present but Defendant willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendant, instead accepting the benefits of the work performed by Plaintiff and other "Site Superintendents" without the overtime compensation required by the FLSA, 29 U.S.C. §207.

24. The complete records reflecting the compensation paid by HOSPITALITY BUILDERS to Plaintiff and all other similarly situated "Site Superintendents," however variously titled, during each week within the three (3) year statute of limitations period between approximately September 2017 and the present are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## (On Behalf of Plaintiff and all Similarly Situated Site Superintendents)

25. Plaintiff, MARK EWALD, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

26. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for HOSPITALITY BUILDERS as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately May 2018 and December 2019.

27. All similarly situated non-exempt "Site Superintendents," however variously titled, of HOSPITALITY BUILDERS are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant at any location but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between approximately September 2017 and the present.

28. HOSPITALITY BUILDERS has knowingly and willfully failed to pay Plaintiff and the other non-exempt "Site Superintendents," however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week during one or more work weeks within the three (3) year statute of limitations period between approximately September 2017 and the present.

29. At all times material to this Complaint, HOSPITALITY BUILDERS had constructive and actual notice that Defendant's compensation practices did not provide Plaintiff and other "Site Superintendents," however variously titled, with time and one-half wages for all of their actual overtime hours worked during one or more work weeks within the three (3) year

statute of limitations period between approximately September 2017 and the present based upon, *inter alia*, Defendant: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other "Site Superintendents"; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that HOSPITALITY BUILDERS knew had been worked for the benefit of Defendant.

30. By reason of the said intentional, willful and unlawful acts of HOSPITALITY BUILDERS, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

31. Based upon information and belief, at all times material to this Complaint, HOSPITALITY BUILDERS did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated "Site Superintendents," however variously titled, during each week within the three (3) year statute of limitations period between approximately September 2017 and the present, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

32. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from HOSPITALITY BUILDERS all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

## COUNT II
## UNLAWFUL DEDUCTIONS IN VIOLATION OF NYLL § 193
### (On behalf of Plaintiff individually)

33. Plaintiff, MARK EWALD, readopts and realleges the allegations contained in

Paragraphs 1 through 38 above.

34. Defendant HOSPITALITY BUILDERS, at all times relevant to this action, had a policy called the Super-Sub Policy.

35. Pursuant to the Super-Sub Policy, employees like Plaintiff who worked away from their homes for extended periods time could receive an "allowance" for their housing expenses incurred, on Defendant's behalf, when securing lodging, in a cumulative amount up to $19,000.

36. The Super-Sub policy allows HOSPITALITY BUILDERS to deny payment due to "unsatisfactory performance reviews and Project completion time frames."

37. Pursuant to the Super-Sub Policy, Plaintiff accumulated an earned balance as high as approximately $15,000, which HOSPITALITY BUILDERS confirmed.

38. Plaintiff was scheduled to complete a project on November 22, 2019. HOSPITALITY BUILDERS informed Plaintiff that his completion date was November 22, and directed him to pack up and leave the site on or before that date. Plaintiff complied, and because Plaintiff understood that he would have time off after November 22, he booked a vacation.

39. HOSPITALITY BUILDERS was fully aware that Plaintiff booked this vacation and, once it learned of such, informed Plaintiff that his work would be extended past November 22.

40. The project Plaintiff was on needed only minor additional work, and Plaintiff performed all such work remotely and to the client's satisfaction.

41. Nonetheless, HOSPITALITY BUILDERS accused Plaintiff of abandoning the project, and on this pretense, terminated him and withheld the earned balance in his Super Sub account.

42. The deduction of Plaintiff's earned Super Sub balance is in violation of NYLL §

193 and its implementing regulations. Specifically, NYLL § 193 prohibits all wage deductions except those enumerated therein. Applicable regulations prohibit "fines or penalties for lateness, misconduct or quitting by an employee without notice." 12 NYCRR § 142-2.01(a)(3). HOSPITALITY BUILDERS' deduction of Plaintiff's earned Super Sub balance was an unlawful penalty for alleged "misconduct or quitting," among other things.

43. Plaintiff is therefore entitled to damages in the amount of his accrued Super Sub balance account, plus liquidated damages, attorneys' fees, costs and expenses.

## COUNT III
## BREACH OF CONTRACT
### (On behalf of Plaintiff individually)

44. Plaintiff, MARK EWALD, readopts and realleges the allegations contained in Paragraphs 1 through 43 above.

45. The Super Sub policy is a contract.

46. Plaintiff complied with all terms of the contract and earned his accrued balance under those terms.

47. HOSPITALITY BUILDERS breached the contract by failing to pay Plaintiff. HOSPITALITY BUILDERS intended to deprive Plaintiff of the benefit of the contract by extending his work after it learned of his vacation, thus providing a pretense to terminate Plaintiff and deny him payment under the Super Sub Policy.

48. HOSPITALITY BUILDERS' conduct was intentional, malicious, and done with the intent to deprive Plaintiff of a benefit Plaintiff earned under the Super Sub contract. Accordingly, Plaintiff is entitled to actual damages, incidental and consequential damages, punitive damages, attorneys' fees, costs and expenses, and prejudgment interest.

## COUNT IV
## FAILURE TO PROVIDE ADQUATE PAY STATEMENTS IN VIOLATION OF NYLL SECTION 195(3)
## (On behalf of Plaintiff individually)

49. Plaintiff, MARK EWALD, readopts and realleges the allegations contained in Paragraphs 1 through 48 above.

50. NYLL § 195(3) requires an employer to provide, with every payment, a statement detailing among other things the number of regular and overtime hours an employee works. Employers can be penalized $250 per day, to a maximum of $5,000 for non-compliant pay statements plus reasonable attorneys' fees and costs.

51. HOSPITALITY BUILDERS' pay statements provided to Plaintiff failed to list his regular and overtime hours worked. Accordingly, HOSPITALITY BUILDERS is liable to Plaintiff in the amount of $5,000 plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, MARK EWALD and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendant, HOSPITALITY BUILDERS, INC., for the payment of all unpaid overtime compensation, liquidated damages, unlawful deductions, statutory damages or penalties, reasonable attorneys' fees and costs and expenses of suit, and for all proper relief including prejudgment interest.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  September 4, 2020                Respectfully submitted,

By:  **s/ORIN KURTZ**
E-mail:  okurtz@gardylaw.com
GARDY & NOTIS, LLP
126 East 56th Street, 8th Floor
New York, NY 10022
Telephone:  (212) 905-0509
Facsimile:  (212) 905-0508

**s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 SW 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031
Pro Hac Vice Application Forthcoming


*Attorneys for Plaintiff*